**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NETWORK INDUSTRIES, INC.,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br><br>JUNGHEINRICH<br>AKTIENGESELLSCHAFT, et al.,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 11CV49 DMS (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Pending before the Court is Plaintiff's *ex parte* motion for a temporary restraining order ("TRO"), preliminary injunction, and order to show cause. For the following reasons, Plaintiff's motion is denied.

**I.**

**BACKGROUND**

Jungheinrich Aktiengesellschaft ("J-AG") is one of the world's largest manufacturers of industrial lift trucks. (Complaint ¶ 10.) For many years, Plaintiff was a distributor of J-AG's products pursuant to a contract with Jungheinrich Lift Truck Corporation ("Jungheinrich"), J-AG's agent in the United States. (*Id.* at ¶ 11.) Prior to December 30, 3009, Jungheinrich represented to Plaintiff that it was necessary to terminate Plaintiff's distribution agreement with Jungheinrich. (*Id.* at ¶ 13.) In early January 2010, Plaintiff executed a termination agreement with Jungheinrich and a contract with Defendant Mitsubishi Caterpillar Forklift of America Corporation ("MCFA") regarding the provision

of technical and software support for Jungheinrich lift trucks. (*Id.* at ¶¶ 14, 16.) Plaintiff alleges Defendant MCFA is obligated to provide it with such technical and software support without cost through December 31, 2015. (*Id.*) However, on or about April 5, 2010, MCFA presented Plaintiff with a new software licensing agreement with J-AG, which Plaintiff was required to execute to continue receiving software support beyond May 31, 2010. (*Id.* at ¶ 17.) The new proposed agreement required Plaintiff to, among other things, pay a fee for continued software support. (*Id.*) Plaintiff refused to execute the new agreement and MCFA subsequently stopped providing Plaintiff with software support. (*Id.* at ¶ 18.)

Plaintiff filed a Complaint in San Diego Superior Court on November 29, 2010. In its Complaint, Plaintiff states claims for relief for (1) breach of contract, (2) fraud, (3) negligent misrepresentation, (4) conspiracy to defraud, (5) breach of the covenant of good faith and fair dealing, (6) intentional interference with prospective economic advantage, (7) negligent interference with prospective economic advantage, (8) violations of California Business and Professions Code § 17200, (9) declaratory relief, (10) specific performance, and (11) injunctive relief. On January 10, 2011, Defendant MCFA, allegedly the only named Defendant to have been properly served with the Complaint, removed the action to this Court. (Doc. 1.) At the time of removal, Plaintiff's *ex parte* motion for a TRO, preliminary injunction, and order to show cause was pending before the Superior Court. On January 11, 2011, the Court issued an Order requiring Defendants to file a response to Plaintiff's motion on or before January 14, 2011 and requiring Plaintiff to file a reply on or before January 19, 2011. (Doc. 6.) Defendants Jungheinrich and J-AG, together, and MCFA filed oppositions to Plaintiff's motion. (Docs. 8, 10.) Plaintiff did not file a reply.

## II.

## LEGAL STANDARD

"Temporary restraining orders are governed by the same standard applicable to preliminary injunctions." *Pimental v. Deutsche Bank Nat'l Trust Co.*, No. 09-cv-2264 JLS (NLS), 2009 WL 3398789, at *1 (S.D. Cal. Oct. 20, 2009). Preliminary relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 376 (2008). On a motion for a preliminary injunction, a

plaintiff has the burden of establishing: 1) likelihood of success on the merits; 2) likelihood of irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. *Id.* at 374. With respect to the showing a plaintiff must make regarding his chances of success on the merits, the Ninth Circuit applies a sliding scale approach. *See Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049 (9th Cir. 2010). Under the sliding scale approach, the elements of the preliminary injunction test are balanced and, where a plaintiff can make a stronger showing of one element, it may offset a weaker showing of another. *Id*. "Therefore, 'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1053. However, it is necessary for a plaintiff to demonstrate each of the four elements for a TRO or preliminary injunction to issue.

## III.

## DISCUSSION

Plaintiff alleges it is entitled to software support in the servicing of Jungheinrich forklifts from Defendants and seeks a TRO or preliminary injunction "enjoining Defendants from requiring Plaintiff to execute any new agreement in order to get continued software support." (TRO Motion at 9.) As an initial matter, although Plaintiff's motion is phrased as requesting an order prohibiting Defendants from taking certain action, Plaintiff essentially seeks preliminary relief that compels Defendants to perform an affirmative act. At the time it filed this motion, Plaintiff was not receiving technical and software support from Defendants and, accordingly, any order from this Court requiring Defendants to provide such services would not be merely maintaining the status quo. Preliminary relief that seeks to compel performance of an affirmative act, as opposed to maintaining the status quo, is "particularly disfavored." *Transwestern Pipeline Co. v. 17.19 Acres*, 550 F.3d 770, 776 (9th Cir. 2008)(citing *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994)). With this in mind, the Court looks to the elements a party must prove in order for a TRO or preliminary injunction to issue.

A party seeking a TRO or preliminary injunction must demonstrate a likelihood of irreparable harm in the absence of preliminary relief. *Winter*, 129 S. Ct. at 374. Plaintiff states in its motion it is "losing customers because of Defendants' refusal to provide the software and technical support

1  which they promised to provide.  This irreparable harm is demonstrative by the statement of one of
2  its customers who, after being unable to get the product that it purchased from Plaintiff serviced,
3  stated: 'I will never do business with your company again.'" (TRO Motion at 5.)  Plaintiff also alleges
4  harm in the form of loss of goodwill and future business.  However, Plaintiff fails to demonstrate how
5  such harm is in fact irreparable.  The only harm Plaintiff claims to be suffering is financial in nature
6  and, even if the damages Plaintiff claims to be suffering are difficult to calculate, they may nonetheless
7  be awarded.  Typically, "monetary harm does not constitute irreparable harm."  *Cal. Pharmacists*
8  *Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 851-52 (9th Cir. 2009)(citing *L.A. Mem'l Coliseum Comm'n*
9  *v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980)); *see also Sampson v. Murray*, 415 U.S.
10 61, 90 (1974)("[I]t seems clear that the temporary loss of income, ultimately to be recovered, does not
11 usually constitute irreparable injury.").  Claims of potential future loss of goodwill and prospective
12 clients are similarly "monetary injuries which could be remedied by a damage award." *See L.A. Mem'l*
13 *Coliseum*, 634 F.2d at 1202.  Plaintiff fails to demonstrate that money damages would be insufficient
14 to compensate it for any harm incurred in the absence of preliminary relief here.  The fact that Plaintiff
15 alleges to have stopped receiving software and technical support from Defendants in June 2010, but
16 has only just now brought the instant motion for preliminary relief further suggests Plaintiff itself did
17 not find the harm it was suffering truly irreparable.  Therefore, Plaintiff falls short of meeting its
18 burden of demonstrating it is likely to suffer irreparable harm in the absence of preliminary relief and
19 Plaintiff's motion must be denied.  Because the Court denies Plaintiff's motion on this basis, it need
20 not reach the remaining elements of a TRO or preliminary injunction.

21                                                    **IV.**

22                                              **CONCLUSION**

23       For the foregoing reasons, Plaintiff's *ex parte* motion for a temporary restraining order,
24 preliminary injunction, and order to show cause is denied without prejudice.

25       **IT IS SO ORDERED.**

26 DATED:  January 24, 2011

27                                           _____
28                                           HON. DANA M. SABRAW
                                             United States District Judge