# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETWORK INDUSTRIES, INC.,<br><br>       Plaintiff,<br>vs.<br><br>JUNGHEINRICH<br>AKTIENGESELLSCHAFT, et al.,<br><br>       Defendant. | CASE NO. 11CV49 DMS (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS** |

  Pending before the Court are Defendant Mitsubishi Caterpillar Forklift of America Corporation's ("MCFA") motion to dismiss claims two through eight of Plaintiff's Complaint and Plaintiff's motion to remand. (Docs. 18, 19.) For the following reasons, Plaintiff's motion to remand is granted and Defendant's motion to dismiss is denied as moot.

## I.

## BACKGROUND

  Jungheinrich Aktiengesellschaft ("J-AG") is one of the world's largest manufacturers of industrial lift trucks. (Complaint ¶ 10.) For many years, Plaintiff was a distributor of J-AG's products pursuant to a contract with Jungheinrich Lift Truck Corporation ("Jungheinrich"), J-AG's agent in the United States. (*Id.* at ¶ 11.) Prior to December 30, 2009, Jungheinrich represented to Plaintiff that it was necessary to terminate Plaintiff's distribution agreement with Jungheinrich. (*Id.* at ¶ 13.) In early January 2010, Plaintiff executed a termination agreement with Jungheinrich and a contract with

Defendant MCFA regarding the provision of technical and software support for Jungheinrich lift trucks. (*Id.* at ¶¶ 14, 16.) Plaintiff alleges Defendant MCFA is obligated to provide it with such technical and software support without cost through December 31, 2015. (*Id.*) However, on or about April 5, 2010, MCFA presented Plaintiff with a new software licensing agreement with J-AG, which Plaintiff was required to execute to continue receiving software support beyond May 31, 2010. (*Id.* at ¶ 17.) The new proposed agreement required Plaintiff to, among other things, pay a fee for continued software support. (*Id.*) Plaintiff refused to execute the new agreement and MCFA subsequently stopped providing Plaintiff with software support. (*Id.* at ¶ 18.)

Plaintiff filed a Complaint in San Diego Superior Court on November 29, 2010. In its Complaint, Plaintiff states claims for relief for (1) breach of contract, (2) fraud, (3) negligent misrepresentation, (4) conspiracy to defraud, (5) breach of the covenant of good faith and fair dealing, (6) intentional interference with prospective economic advantage, (7) negligent interference with prospective economic advantage, (8) violations of California Business and Professions Code § 17200, (9) declaratory relief, (10) specific performance, and (11) injunctive relief. On January 10, 2011, Defendant MCFA, allegedly the only named Defendant to have been properly served with the Complaint, removed the action to this Court. (Doc. 1.) Defendant MCFA filed the instant motion to dismiss the Complaint on March 16, 2011. (Doc. 18.) Plaintiff filed the instant motion to remand on April 1, 2011. (Doc. 19.)

## II.

## DISCUSSION

**A.  Motion to Remand**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and any doubts as to removability should be resolved in favor of remanding the

case. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)(citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*.; *see also Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441.

This action was removed on the basis of diversity jurisdiction. Plaintiff does not challenge that there is sufficient diversity of the parties, but rather argues the amount in controversy at the time the case was removed was less than $75,000 and this Court therefore does not have jurisdiction over the action. 28 U.S.C. § 1332(a). In the caption of the Complaint and the first claim for relief, Plaintiff states that damages sought in the action exceed $25,000, but the Complaint does not otherwise specify the amount in controversy. (Complaint at 1, ¶ 23 ("Quality Lift will continue to be damaged in an amount not known to Quality Life at this time, which amount Quality Life alleges will exceed twenty five thousand dollars ($25,000).").) In support of the motion to remand, Plaintiff submits the declaration of Dennis Hines, its President, which states, "[a]s of . . . the date that this matter was removed to Federal Court, the claim against [MCFA] would certainly not exceed $75,000.00. . . . The only damages that plaintiff would be able to prove as the amount in controversy would be calculated by subpoenaing records from customers who have gone elsewhere for service. Based upon my knowledge of the history of my business with customers, it is doubtful that the amount in controversy would exceed $25,000.00 by a significant amount, and it certainly would not approach the $75,000.00 level." (Hines Decl. at ¶¶ 3-4.)

When it is unclear or ambiguous from the face of a state court complaint whether the requisite amount in controversy is pled, the removing defendant must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)(citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). The preponderance of the evidence standard requires the removing party to provide evidence establishing that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. *Sanchez*, 102 F.3d at 404. Here, as the Complaint alleges an unspecified

amount of damages in excess of $25,000, Defendant must show the amount in controversy exceeds $75,000 by a preponderance of the evidence. As MCFA has failed to meet this burden, Plaintiff's motion to remand is granted.

"In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007)(citations omitted). However, a speculative argument as to the amount in controversy is insufficient. *Gaus,* 980 F.2d at 567. The defendant bears the burden of "actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.* In the notice of removal, MCFA stated, "[g]iven [Plaintiff's] own allegations about breach of an agreement that is to end in 2015, its lost customers, lost revenue and lost goodwill, the matter in controversy in this action as pled exceeds $75,000, exclusive of interest and costs." (Removal at ¶ 11.) However, MCFA did not provide any additional evidence or specific facts in support of this claim. In opposition to the motion to remand, MCFA argues that, by incorporating by reference the previous paragraphs in the Complaint in each of its claims for relief, Plaintiff also incorporates by reference its allegation in the first claim that it has been damaged in an unknown amount in excess of $25,000. MCFA therefore interprets the Complaint to set forth damages in the amount of $25,000 for each of claims one, two, four, five, and six, thereby exceeding the jurisdictional amount of $75,000. The Court disagrees with this interpretation of the Complaint and instead reads it to set forth a total claim for damages in an unknown amount in excess of $25,000.

Plaintiff also requests punitive damages in its second, fourth, and sixth claims.[1] The Court may consider requested punitive damages in determining the amount in controversy. *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). In providing evidence to demonstrate the amount of punitive damages

---

[1] Plaintiff asserts that "representatives of [MCFA] have stated [prior to removal] that they have no control over the preparation and presentation of the license agreement in question. . . . Therefore, the claim for punitive damages, assuming that representatives of [MCFA] are truthful, is zero, and was zero as of the date of removal." (Hines Decl. ¶ 5.)

- 4 -                                                                                                             11cv49

in controversy, the removing party may point to jury verdicts in analogous cases. *See, e.g., Thomas v. Standard Ins. Co.*, No. CV-09-2121 PHX JAT, 2010 WL 994507, at *3 (D. Ariz. Mar. 17, 2010); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Here, MCFA cites four cases it claims show that punitive damages equal to or in excess of compensatory damages should be included in the amount in controversy in the instant case. (Opp. at 5-6.) MCFA argues, assuming a conservative one-to-one ratio of punitive damages to compensatory damages, and given its interpretation that Plaintiff's second, fourth, and sixth claims incorporate by reference Plaintiff's allegation in the first claim that it has been damaged in an unknown amount in excess of $25,000, the jurisdictional amount has been exceeded here. However, in light of the Court's interpretation of the Complaint as stated above, and given the facts at hand here, assuming Plaintiff were to recover $25,000 in compensatory damages, the Court assumes a conservative punitive damages ratio of one-to-one. Accordingly, MCFA has demonstrated the amount in controversy includes an additional $25,000 to account for punitive damages.

Finally, in the Complaint, Plaintiff requests relief in the form of costs of suit. In determining the amount in controversy, the Court may consider attorneys' fees if they are permitted under statute or by contract. *See, e.g., Rivera v. Costco Wholesale Corp.*, No. C 08-2202 CW, 2008 WL 2740399, at * 2 (N.D. Cal. July 11, 2008). Here, the termination contract between Plaintiff and Jungheinrich, which MCFA is not a party to, provides that a party breaching the contract agrees to pay the other party's costs, including attorneys' fees, in prosecuting any claims due to the breach. (Termination Agmt. at § 7.) According to MCFA, the attorneys' fees in this action will be at least $25,000. (Opp. at 12 (citing Complaint at ¶ 23).) However, MCFA does not support this statement with any calculable figures or estimations of billing time and rates for specific litigation tasks. Its statement regarding the likely attorneys' fees in this action is therefore speculative and the evidence cannot support a finding that the attorneys' fees would push the amount in controversy over the jurisdictional limit. Although MCFA has demonstrated that there is a possibility that the amount in controversy in the instant action exceeds $75,000, it has not demonstrated this by a preponderance of the evidence. Plaintiff's motion to remand the action is therefore granted.

//

**B.     Motion to Dismiss**

Because the Court finds Defendant MCFA has not established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit and grants Plaintiffs' motion to remand the action to state court, Defendant's motion to dismiss is denied as moot.

## III.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is granted and Defendant's motion to dismiss is denied as moot.

**IT IS SO ORDERED.**

DATED:  June 6, 2011

_____
HON. DANA M. SABRAW
United States District Judge